DLM

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

WASHINGTON , SS.

SUPERIOR COURT
CIVIL ACTION
NO. 2007-0217

NICHOLAS ENLOE, PPA JULIE ENLOE,
JULIE ENLOE, AND
BRYAN ENLOE,
Plaintiffs,
V.
LISA RAMEAKA, M.D.,
ROBERT MALTZ, M.D.,
SOUTH COUNTY OB-GYN, INC.,
NARRAGANSETT BAY PEDIATRICS, INC.,
SOUTH COUNTY HOSPITAL, and
JANE DOE, RN # 1-11,
Defendants.

CA 07 199S

## *COMPLAINT*

## Count I.

1. The plaintiff, Nicholas Enloe, is a minor who brings this action through his Mother and next friend, Julie Enloe, a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Lisa Rameaka, M.D., was at all times relevant to this complaint a physician licensed to practice her profession in the State of Rhode Island.

3. At all times relevant to this complaint, the defendant, Lisa Rameaka, M.D., represented and held herself out to be a physician, skilled in the treatment of various illnesses and conditions and, in particular, represented to the minor plaintiff's parents that she was knowledgeable, competent, and qualified to diagnose and treat the minor plaintiff and his mother on or about 9/8/05-9/11/05.

4. On or about 9/8/05-9/11/05, the minor plaintiff's mother submitted herself and the minor plaintiff to the care and treatment of the defendant, Lisa Rameaka, M.D., who negligently, carelessly, and without regard for the minor plaintiff's and his mother's health and well being, treated the minor plaintiff and his mother in a manner resulting in the minor plaintiff's severe personal injuries.

5. The injuries sustained by the minor plaintiff, Nicholas Enloe, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Lisa Rameaka, M.D., including, but not limited to the following:

a. Defendant's misrepresentations to the minor plaintiff's parents that she was knowledgeable, skillful, and competent to diagnose and treat the minor plaintiff and his mother on or about 9/8/05-9/11/05;

b. Defendant's failure to adequately and properly diagnose the minor plaintiff's and his mother's medical condition on or about 9/8/05-9/11/05, and her failure to prescribe proper and timely treatment for said condition;

c. Defendant's failure to recognize, or have the knowledge to recognize her inability and lack of skill to diagnose and treat the minor plaintiff and his mother, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of her inability and failure to properly and skillfully provide the minor plaintiff and his mother with acceptable medical and diagnostic services;

d. Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing her specialty; and

e. Defendant's failure to inform and to warn of the risks involved in or associated with the minor plaintiff's and his mother's condition and failure to inform and to warn about the treatment of said condition.

6. As a direct and proximate result of the negligence, carelessness, and unskillfulness of the defendant, Lisa Rameaka, M.D., the minor plaintiff, Nicholas Enloe, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, prays judgment against the defendant, Lisa Rameaka, M.D., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count II.

1. The minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, repeats and reavers fully herein Paragraphs One through Six of Count I of this complaint as if each were set forth here in its entirety.

2. On or about 9/8/05-9/11/05, the defendant, Lisa Rameaka, M.D., contracted with the minor plaintiff's parents to provide professional services related to the minor plaintiff's and his mother's medical care and treatment.

3. The defendant, Lisa Rameaka, M.D., expressly and impliedly warranted to the minor plaintiff's parents that she would perform and render said professional services in accordance with accepted standards for the practice of medicine, and that she would possess and exercise that

degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing her specialty.

4. On or about 9/8/05-9/11/05, the defendant, Lisa Rameaka, M.D., breached her express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of medicine, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing her specialty.

5. As a direct and proximate result of the defendant, Lisa Rameaka's breach of express and implied warranties, the minor plaintiff, Nicholas Enloe, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, prays judgment against the defendant, Lisa Rameaka, M.D., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count III.

1. The minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, repeats and reavers fully herein Paragraphs One through Six of Count I and Paragraphs One through Five of Count II of this complaint as if each were set forth here in its entirety.

2. On or about 9/8/05-9/11/05, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the minor plaintiff and his mother.

3. On or about 9/8/05-9/11/05, the defendant, Lisa Rameaka, M.D., knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the minor plaintiff and his mother.

4. On or about 9/8/05-9/11/05, the defendant, Lisa Rameaka, M.D., did not inform the minor plaintiff's parents of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the minor plaintiff and his mother.

5. If the defendant, Lisa Rameaka, M.D., had informed the minor plaintiff's parents of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the minor plaintiff and his mother, neither the minor plaintiff's parents nor a reasonable person in their position would have elected the defendant's choice of treatment.

6. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the minor plaintiff's parents and a reasonable person in their position as to whether to undergo the defendant's choice of treatment.

7. As a direct and proximate result of the defendant, Lisa Rameaka's failure to inform the minor plaintiff's parents of the alternatives to and risks and potential consequences of the defendant's treatment, the minor plaintiff, Nicholas Enloe, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, prays judgment against the defendant, Lisa Rameaka, M.D., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count IV.

1. The plaintiff, Julie Enloe, is the mother of Nicholas Enloe, and the person responsible for his support and medical care and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Lisa Rameaka, M.D., was at all times relevant to this complaint a physician licensed to practice in the State of Rhode Island.

3. The plaintiff, Julie Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, Lisa Rameaka, M.D., in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, Lisa Rameaka's negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Julie Enloe, has incurred and will continue to incur great expense for the medical, surgical, and hospital care and treatment of Nicholas Enloe, throughout the life of Nicholas Enloe.

WHEREFORE, the plaintiff, Julie Enloe, prays judgment against the defendant, Lisa Rameaka, M.D., in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count V.

1. The plaintiff, Julie Enloe, is the mother of Nicholas Enloe, and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Lisa Rameaka, M.D., was at all times relevant to this complaint a physician licensed to practice in the State of Rhode Island.

3. The plaintiff, Julie Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, Lisa Rameaka, M.D., in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, Lisa Rameaka's negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Julie Enloe, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Julie Enloe, prays judgment against the defendant, Lisa Rameaka, M.D., in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count VI.

1. The plaintiff, Julie Enloe, is the mother of Nicholas Enloe, and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Lisa Rameaka, M.D., was at all times relevant to this complaint a physician licensed to practice in the State of Rhode Island.

3. The plaintiff, Julie Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, Lisa Rameaka, M.D., in this complaint as if each were set forth here in its entirety.

4. As the direct and proximate result of the negligence, breach of warranties, and failure to obtain informed consent of the defendant, Lisa Rameaka, M.D., the plaintiff, Julie Enloe, has had severely restricted the benefit of the full services, society, and affection of Nicholas Enloe.

WHEREFORE, the plaintiff, Julie Enloe, prays judgment against the defendant, Lisa Rameaka, M.D., in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count VII.

1. The plaintiff, Bryan Enloe, is the father of Nicholas Enloe, and the person responsible for his support and medical care and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Lisa Rameaka, M.D., was at all times relevant to this complaint a physician licensed to practice in the State of Rhode Island.

3. The plaintiff, Bryan Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, Lisa Rameaka, M.D., in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, Lisa Rameaka's negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Bryan Enloe, has incurred and will continue to incur great expense for the medical, surgical, and hospital care and treatment of Nicholas Enloe, throughout the life of Nicholas Enloe.

WHEREFORE, the plaintiff, Bryan Enloe, prays judgment against the defendant, Lisa Rameaka, M.D., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count VIII.

1. The plaintiff, Bryan Enloe, is the father of Nicholas Enloe, and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Lisa Rameaka, M.D., was at all times relevant to this complaint a physician licensed to practice in the State of Rhode Island.

3. The plaintiff, Bryan Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, Lisa Rameaka, M.D., in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, Lisa Rameaka's negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Bryan Enloe, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Bryan Enloe, prays judgment against the defendant, Lisa Rameaka, M.D., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count IX.

1. The plaintiff, Bryan Enloe, is the father of Nicholas Enloe, and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Lisa Rameaka, M.D., was at all times relevant to this complaint a physician licensed to practice in the State of Rhode Island.

3. The plaintiff, Bryan Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, Lisa Rameaka, M.D., in this complaint as if each were set forth here in its entirety.

4. As the direct and proximate result of the negligence, breach of warranties, and failure to obtain informed consent of the defendant, Lisa Rameaka, M.D., the plaintiff, Bryan Enloe, has had severely restricted the benefit of the full services, society, and affection of Nicholas Enloe.

WHEREFORE, the plaintiff, Bryan Enloe, prays judgment against the defendant, Lisa Rameaka, M.D., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count X.

1. The plaintiff, Nicholas Enloe, is a minor who brings this action through his Mother and next friend, Julie Enloe, a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Robert Maltz, M.D., was at all times relevant to this complaint a physician licensed to practice his profession in the State of Rhode Island.

3. At all times relevant to this complaint, the defendant, Robert Maltz, M.D., represented and held himself out to be a physician, skilled in the treatment of various illnesses and conditions and, in particular, represented to the minor plaintiff's parents that he was knowledgeable, competent, and qualified to diagnose and treat the minor plaintiff and his mother on or about 9/8/05-9/11/05.

4. On or about 9/8/05-9/11/05, the minor plaintiff's mother submitted herself and the minor plaintiff to the care and treatment of the defendant, Robert Maltz, M.D., who negligently, carelessly, and without regard for the minor plaintiff's and his mother's health and well being, treated the minor plaintiff and his mother in a manner resulting in the minor plaintiff's severe personal injuries.

5. The injuries sustained by the minor plaintiff, Nicholas Enloe, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Robert Maltz, M.D., including, but not limited to the following:

   a. Defendant's misrepresentations to the minor plaintiff's parents that he was knowledgeable, skillful, and competent to diagnose and treat the minor plaintiff and his mother on or about 9/8/05-9/11/05;

   b. Defendant's failure to adequately and properly diagnose the minor plaintiff's and his mother's medical condition on or about 9/8/05-9/11/05, and his failure to prescribe proper and timely treatment for said condition;

   c. Defendant's failure to recognize, or have the knowledge to recognize his inability and lack of skill to diagnose and treat the minor plaintiff and his mother, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of his inability and failure to properly and skillfully provide the minor plaintiff and his mother with acceptable medical and diagnostic services;

   d. Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing his specialty; and

   e. Defendant's failure to inform and to warn of the risks involved in or associated with the minor plaintiff's and his mother's condition and failure to inform and to warn about the treatment of said condition.

6. As a direct and proximate result of the negligence, carelessness, and unskillfulness of the defendant, Robert Maltz, M.D., the minor plaintiff, Nicholas Enloe, was caused to sustain

severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, prays judgment against the defendant, Robert Maltz, M.D., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XI.

1. The minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, repeats and reavers fully herein Paragraphs One through Six of Count X of this complaint as if each were set forth here in its entirety.

2. On or about 9/8/05-9/11/05, the defendant, Robert Maltz, M.D., contracted with the minor plaintiff's parents to provide professional services related to the minor plaintiff's and his mother's medical care and treatment.

3. The defendant, Robert Maltz, M.D., expressly and impliedly warranted to the minor plaintiff's parents that he would perform and render said professional services in accordance with accepted standards for the practice of medicine, and that he would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing his specialty.

4. On or about 9/8/05-9/11/05, the defendant, Robert Maltz, M.D., breached his express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of medicine, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing his specialty.

5. As a direct and proximate result of the defendant, Robert Maltz's breach of express and implied warranties, the minor plaintiff, Nicholas Enloe, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, prays judgment against the defendant, Robert Maltz, M.D., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XII.

1. The minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, repeats and reavers fully herein Paragraphs One through Six of Count X and Paragraphs One through Five of Count XI of this complaint as if each were set forth here in its entirety.

2. On or about 9/8/05-9/11/05, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the minor plaintiff and his mother.

3. On or about 9/8/05-9/11/05, the defendant, Robert Maltz, M.D., knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the minor plaintiff and his mother.

4. On or about 9/8/05-9/11/05, the defendant, Robert Maltz, M.D., not inform the minor plaintiff's parents of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the minor plaintiff and his mother.

5. If the defendant, Robert Maltz, M.D., had informed the minor plaintiff's parents of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the minor plaintiff and his mother, neither the minor plaintiff's parents nor a reasonable person in their position would have elected the defendant's choice of treatment.

6. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the minor plaintiff's parents and a reasonable person in their position as to whether to undergo the defendant's choice of treatment.

7. As a direct and proximate result of the defendant, Robert Maltz's failure to inform the minor plaintiff's parents of the alternatives to and risks and potential consequences of the defendant's treatment, the minor plaintiff, Nicholas Enloe, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment: has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, prays judgment against the defendant, Robert Maltz, M.D., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XIII.

1. The plaintiff, Julie Enloe, is the mother of Nicholas Enloe, and the person responsible for his support and medical care and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Robert Maltz, M.D., was at all times relevant to this complaint a physician licensed to practice in the State of Rhode Island.

3. The plaintiff, Julie Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, Robert Maltz, M.D., in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, Robert Maltz's negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Julie Enloe, has incurred and will continue to incur great expense for the medical, surgical, and hospital care and treatment of Nicholas Enloe, throughout the life of Nicholas Enloe.

WHEREFORE, the plaintiff, Julie Enloe, prays judgment against the defendant, Robert Maltz, M.D., in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count XIV.

1. The plaintiff, Julie Enloe, is the mother of Nicholas Enloe, and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Robert Maltz, M.D., was at all times relevant to this complaint a physician licensed to practice in the State of Rhode Island.

3. The plaintiff, Julie Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, Robert Maltz, M.D., in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, Robert Maltz's negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Julie Enloe, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Julie Enloe, prays judgment against the defendant, Robert Maltz, M.D., in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count XV.

1. The plaintiff, Julie Enloe, is the mother of Nicholas Enloe, and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Robert Maltz, M.D., was at all times relevant to this complaint a physician licensed to practice in the State of Rhode Island.

3. The plaintiff, Julie Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, Robert Maltz, M.D., in this complaint as if each were set forth here in its entirety.

4. As the direct and proximate result of the negligence, breach of warranties, and failure to obtain informed consent of the defendant, Robert Maltz, M.D., the plaintiff, Julie Enloe, has had severely restricted the benefit of the full services, society, and affection of Nicholas Enloe.

WHEREFORE, the plaintiff, Julie Enloe, prays judgment against the defendant, Robert Maltz, M.D., in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count XVI.

1. The plaintiff, Bryan Enloe, is the father of Nicholas Enloe, and the person responsible for his support and medical care and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Robert Maltz, M.D., was at all times relevant to this complaint a physician licensed to practice in the State of Rhode Island.

3. The plaintiff, Bryan Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, Robert Maltz, M.D., in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, Robert Maltz's negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Bryan Enloe, has incurred and will continue to incur great expense for the medical, surgical, and hospital care and treatment of Nicholas Enloe, throughout the life of Nicholas Enloe.

WHEREFORE, the plaintiff, Bryan Enloe, prays judgment against the defendant, Robert Maltz, M.D., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XVII.

1. The plaintiff, Bryan Enloe, is the father of Nicholas Enloe, and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Robert Maltz, M.D., was at all times relevant to this complaint a physician licensed to practice in the State of Rhode Island.

3. The plaintiff, Bryan Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, Robert Maltz, M.D., in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, Robert Maltz's negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Bryan Enloe, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Bryan Enloe, prays judgment against the defendant, Robert Maltz, M.D., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XVIII.

1. The plaintiff, Bryan Enloe, is the father of Nicholas Enloe, and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Robert Maltz, M.D., was at all times relevant to this complaint a physician licensed to practice in the State of Rhode Island.

3. The plaintiff, Bryan Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, Robert Maltz, M.D., in this complaint as if each were set forth here in its entirety.

4. As the direct and proximate result of the negligence, breach of warranties, and failure to obtain informed consent of the defendant, Robert Maltz, M.D., the plaintiff, Bryan Enloe, has had severely restricted the benefit of the full services, society, and affection of Nicholas Enloe.

WHEREFORE, the plaintiff, Bryan Enloe, prays judgment against the defendant, Robert Maltz, M.D., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XIX.

1. The plaintiff, Nicholas Enloe, is a minor who brings this action through his Mother and next friend, Julie Enloe, a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, South County OB-GYN, Inc., was at all times relevant to this complaint a corporation duly organized and existing under the laws of the State of Rhode Island, with a principal place of business at 85 Kenyon Avenue, Washington County, 02879, in Rhode Island.

3. At all times relevant to this complaint, the defendant, South County OB-GYN, Inc., by its agents, servants, or employees, represented and held itself out to be skilled in the treatment of various illnesses and conditions and, in particular, represented to the minor plaintiff's parents that it was knowledgeable, competent, and qualified to diagnose and treat the minor plaintiff and his mother on or about 9/8/05-9/11/05.

4. On or about 9/8/05-9/11/05, the minor plaintiff's mother submitted herself and the minor plaintiff to the care and treatment of the defendant, South County OB-GYN, Inc., by its agents, servants, or employees, who negligently, carelessly, and without regard for the minor plaintiff's and his mother's health and well being, treated the minor plaintiff and his mother in a manner resulting in the minor plaintiff's severe personal injuries.

5. The injuries sustained by the minor plaintiff, Nicholas Enloe, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the

defendant, South County OB-GYN, Inc., by its agents, servants, or employees, including, but not limited to the following:

a. Defendant's misrepresentations to the minor plaintiff's parents that it was knowledgeable, skillful, and competent to diagnose and treat the minor plaintiff and his mother on or about 9/8/05-9/11/05;

b. Defendant's failure to adequately and properly diagnose the minor plaintiff's and his mother's medical condition on or about 9/8/05-9/11/05, and its failure to prescribe proper and timely treatment for said condition;

c. Defendant's failure to recognize, or have the knowledge to recognize its inability and lack of skill to diagnose and treat the minor plaintiff and his mother, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of its inability and failure to properly and skillfully provide the minor plaintiff and his mother with acceptable medical and diagnostic services;

d. Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing its specialty;

e. Defendant's failure to inform and to warn of the risks involved in or associated with the minor plaintiff's and his mother's condition and failure to inform and to warn about the treatment of said condition; and

f. Defendant's failure to exercise reasonable care in hiring, supervising, employing and/or continuing to employ its agents, servants, or employees.

6. As a direct and proximate result of the negligence, carelessness, and unskillfulness of the defendant, South County OB-GYN, Inc., by its agents, servants, or employees, the minor plaintiff, Nicholas Enloe, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, prays judgment against the defendant, South County OB-GYN, Inc., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XX.

1. The minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, repeats and reavers fully herein Paragraphs One through Six of Count IX of this complaint as if each were set forth here in its entirety.

2. On or about 9/8/05-9/11/05, the defendant, South County OB-GYN, Inc., by its agents, servants, or employees, contracted with the minor plaintiff's parents to provide professional services related to the minor plaintiff's and his mother's medical care and treatment.

3. The defendant, South County OB-GYN, Inc., by its agents, servants, or employees, expressly and impliedly warranted to the minor plaintiff's parents that it would perform and render said professional services in accordance with accepted standards for the practice of medicine, and that it would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing its specialty.

4. On or about 9/8/05-9/11/05, the defendant, South County OB-GYN, Inc., by its agents, servants, or employees, breached its express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of medicine, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing its specialty.

5. As a direct and proximate result of the defendant, South County OB-GYN, Inc., by its agents', servants', or employees' breach of express and implied warranties, the minor plaintiff, Nicholas Enloe, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, prays judgment against the defendant, South County OB-GYN, Inc., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XXI.

1. The minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, repeats and reavers fully herein Paragraphs One through Six of Count IX and Paragraphs One through Five of Count XX of this complaint as if each were set forth here in its entirety.

2. On or about 9/8/05-9/11/05, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the minor plaintiff and his mother.

3. On or about 9/8/05-9/11/05, the defendant, South County OB-GYN, Inc., by its agents, servants, or employees, knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the minor plaintiff and his mother.

4. On or about 9/8/05-9/11/05, the defendant, South County OB-GYN, Inc., by its agents, servants, or employees, did not inform the minor plaintiff's parents of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the minor plaintiff and his mother.

5. If the defendant, South County OB-GYN, Inc., by its agents, servants, or employees, had informed the minor plaintiff's parents of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the minor plaintiff and his mother, neither the minor plaintiff's parents nor a reasonable person in their position would have elected the defendant's choice of treatment.

6. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the minor plaintiff's parents and a reasonable person in their position as to whether to undergo the defendant's choice of treatment.

7. As a direct and proximate result of the defendant, South County OB-GYN, Inc., by its agents', servants', or employees' failure to inform the minor plaintiff's parents of the alternatives to and risks and potential consequences of the defendant's treatment, the minor plaintiff, Nicholas Enloe, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, prays judgment against the defendant, South County OB-GYN, Inc., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XXII.

1. The plaintiff, Julie Enloe, is the mother of Nicholas Enloe, and the person responsible for his support and medical care and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, South County OB-GYN, Inc., was at all times relevant to this complaint a corporation duly organized and existing under the laws of the State of Rhode Island, with a principal place of business at 85 Kenyon Avenue, Wakefield, 02879, in Washington County, Rhode Island.

3. The plaintiff, Julie Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, South County OB-GYN, Inc., by its agents, servants, or employees, in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, South County OB-GYN, Inc., by its agents', servants', or employees' negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Julie Enloe, has incurred and will continue to incur great expense for the medical, surgical, and hospital care and treatment of Nicholas Enloe, throughout the life of Nicholas Enloe.

WHEREFORE, the plaintiff, Julie Enloe, prays judgment against the defendant, South County OB-GYN, Inc., in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count XXIII.

1. The plaintiff, Julie Enloe, is the mother of Nicholas Enloe, and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, South County OB-GYN, Inc., was at all times relevant to this complaint a corporation duly organized and existing under the laws of the State of Rhode Island, with a principal place of business at 85 Kenyon Avenue, Wakefield, 02879, in Washington County, Rhode Island.

3. The plaintiff, Julie Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, South County OB-GYN, Inc., by its agents, servants, or employees, in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, South County OB-GYN, Inc., by its agents', servants', or employees' negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Julie Enloe, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Julie Enloe, prays judgment against the defendant, South County OB-GYN, Inc., in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count XXIV.

1. The plaintiff, Julie Enloe, is the mother of Nicholas Enloe, and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, South County OB-GYN, Inc., was at all times relevant to this complaint a corporation duly organized and existing under the laws of the State of Rhode Island, with a principal place of business at 85 Kenyon Avenue, Wakefield, 02879, in Washington County, Rhode Island.

3. The plaintiff, Julie Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, South County OB-GYN, Inc., by its agents, servants, or employees, in this complaint as if each were set forth here in its entirety.

4. As the direct and proximate result of the negligence, breach of warranties, and failure to obtain informed consent of the defendant, South County OB-GYN, Inc., by its agents, servants, or employees, the plaintiff, Julie Enloe, has had severely restricted the benefit of the full services, society, and affection of Nicholas Enloe.

WHEREFORE, the plaintiff, Julie Enloe, prays judgment against the defendant, South County OB-GYN, Inc., in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count XXV.

1. The plaintiff, Bryan Enloe, is the father of Nicholas Enloe, and the person responsible for his support and medical care and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, South County OB-GYN, Inc., was at all times relevant to this complaint a corporation duly organized and existing under the laws of the State of Rhode Island, with a principal place of business at 85 Kenyon Avenue, Wakefield, 02879, in Washington County, Rhode Island.

3. The plaintiff, Bryan Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, South County OB-GYN, Inc., by its agents, servants, or employees, in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, South County OB-GYN, Inc., by its agents', servants', or employees' negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Bryan Enloe, has incurred and will continue to incur great expense for the medical, surgical, and hospital care and treatment of Nicholas Enloe, throughout the life of Nicholas Enloe.

WHEREFORE, the plaintiff, Bryan Enloe, prays judgment against the defendant, South County OB-GYN, Inc., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XXVI.

1. The plaintiff, Bryan Enloe, is the father of Nicholas Enloe, and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, South County OB-GYN, Inc., was at all times relevant to this complaint a corporation duly organized and existing under the laws of the State of Rhode Island, with a principal place of business at 85 Kenyon Avenue, Wakefield, 02879, in Washington County, Rhode Island.

3. The plaintiff, Bryan Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, South County OB-GYN, Inc., by its agents, servants, or employees, in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, South County OB-GYN, Inc., by its agents', servants', or employees' negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Bryan Enloe, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Bryan Enloe, prays judgment against the defendant, South County OB-GYN, Inc., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XXVII.

1. The plaintiff, Bryan Enloe, is the father of Nicholas Enloe, and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, South County OB-GYN, Inc., was at all times relevant to this complaint a corporation duly organized and existing under the laws of the State of Rhode Island, with a principal place of business at 85 Kenyon Avenue, Wakefield, 02879, in Washington County, Rhode Island.

3. The plaintiff, Bryan Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, South County OB-GYN, Inc., by its agents, servants, or employees, in this complaint as if each were set forth here in its entirety.

4. As the direct and proximate result of the negligence, breach of warranties, and failure to obtain informed consent of the defendant, South County OB-GYN, Inc., by its agents, servants, or employees, the plaintiff, Bryan Enloe, has had severely restricted the benefit of the full services, society, and affection of Nicholas Enloe.

WHEREFORE, the plaintiff, Bryan Enloe, prays judgment against the defendant, South County OB-GYN, Inc., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XXVIII.

1. The plaintiff, Nicholas Enloe, is a minor who brings this action through his Mother and next friend, Julie Enloe, a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Narragansett Bay Pediatrics, Inc., was at all times relevant to this complaint a corporation duly organized and existing under the laws of the State of Rhode Island, with a principal place of business at 70 Kenyon Avenue, Wakefield, Rhode Island, 02879, in Washington County, Massachusetts.

3. At all times relevant to this complaint, the defendant, Narragansett Bay Pediatrics, Inc., by its agents, servants, or employees, represented and held itself out to be skilled in the treatment of various illnesses and conditions and, in particular, represented to the minor plaintiff's parents that it was knowledgeable, competent, and qualified to diagnose and treat the minor plaintiff and his mother on or about 9/8/05-9/11/05.

4. On or about 9/8/05-9/11/05, the minor plaintiff's mother submitted herself and the minor plaintiff to the care and treatment of the defendant, Narragansett Bay Pediatrics, Inc., by its agents, servants, or employees, who negligently, carelessly, and without regard for the minor plaintiff's and his mother's health and well being, treated the minor plaintiff and his mother in a manner resulting in the minor plaintiff's severe personal injuries.

5. The injuries sustained by the minor plaintiff, Nicholas Enloe, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the

defendant, Narragansett Bay Pediatrics, Inc., by its agents, servants, or employees, including, but not limited to the following:

a. Defendant's misrepresentations to the minor plaintiff's parents that it was knowledgeable, skillful, and competent to diagnose and treat the minor plaintiff and his mother on or about 9/8/05-9/11/05;

b. Defendant's failure to adequately and properly diagnose the minor plaintiff's and his mother's medical condition on or about 9/8/05-9/11/05, and its failure to prescribe proper and timely treatment for said condition;

c. Defendant's failure to recognize, or have the knowledge to recognize its inability and lack of skill to diagnose and treat the minor plaintiff and his mother, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of its inability and failure to properly and skillfully provide the minor plaintiff and his mother with acceptable medical and diagnostic services;

d. Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing its specialty;

e. Defendant's failure to inform and to warn of the risks involved in or associated with the minor plaintiff's and his mother's condition and failure to inform and to warn about the treatment of said condition; and

f. Defendant's failure to exercise reasonable care in hiring, supervising, employing and/or continuing to employ its agents, servants, or employees.

6. As a direct and proximate result of the negligence, carelessness, and unskillfulness of the defendant, Narragansett Bay Pediatrics, Inc., by its agents, servants, or employees, the minor plaintiff, Nicholas Enloe, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, prays judgment against the defendant, Narragansett Bay Pediatrics, Inc., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XXIX.

1. The minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, repeats and reavers fully herein Paragraphs One through Six of Count XXVIII of this complaint as if each were set forth here in its entirety.

2. On or about 9/8/05-9/11/05, the defendant, Narragansett Bay Pediatrics, Inc., by its agents, servants, or employees, contracted with the minor plaintiff's parents to provide professional services related to the minor plaintiff's and his mother's medical care and treatment.

3. The defendant, Narragansett Bay Pediatrics, Inc., by its agents, servants, or employees, expressly and impliedly warranted to the minor plaintiff's parents that it would perform and render said professional services in accordance with accepted standards for the practice of medicine, and that it would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing its specialty.

4. On or about 9/8/05-9/11/05, the defendant, Narragansett Bay Pediatrics, Inc., by its agents, servants, or employees, breached its express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of medicine, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing its specialty.

5. As a direct and proximate result of the defendant, Narragansett Bay Pediatrics, Inc., by its agents', servants', or employees' breach of express and implied warranties, the minor plaintiff, Nicholas Enloe, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, prays judgment against the defendant, Narragansett Bay Pediatrics, Inc., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XXX.

1. The minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, repeats and reavers fully herein Paragraphs One through Six of Count XXVIII and Paragraphs One through Five of Count XXIX of this complaint as if each were set forth here in its entirety.

2. On or about 9/8/05-9/11/05, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the minor plaintiff and his mother.

3. On or about 9/8/05-9/11/05, the defendant, Narragansett Bay Pediatrics, Inc., by its agents, servants, or employees, knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the minor plaintiff and his mother.

4. On or about 9/8/05-9/11/05, the defendant, Narragansett Bay Pediatrics, Inc., by its agents, servants, or employees, did not inform the minor plaintiff's parents of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the minor plaintiff and his mother.

5. If the defendant, Narragansett Bay Pediatrics, Inc., by its agents, servants, or employees, had informed the minor plaintiff's parents of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the minor plaintiff and his mother, neither the minor plaintiff's parents nor a reasonable person in their position would have elected the defendant's choice of treatment.

6. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the minor plaintiff's parents and a reasonable person in their position as to whether to undergo the defendant's choice of treatment.

7. As a direct and proximate result of the defendant, Narragansett Bay Pediatrics, Inc., by its agents', servants', or employees' failure to inform the minor plaintiff's parents of the alternatives to and risks and potential consequences of the defendant's treatment, the minor plaintiff, Nicholas Enloe, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, prays judgment against the defendant, Narragansett Bay Pediatrics, Inc., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XXXI.

1. The plaintiff, Julie Enloe, is the mother of Nicholas Enloe, and the person responsible for his support and medical care and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Narragansett Bay Pediatrics, Inc., was at all times relevant to this complaint a corporation duly organized and existing under the laws of the State of Rhode Island, with a principal place of business at 70 Kenyon Avenue, Wakefield, Rhode Island, 02879, in Washington County, Massachusetts.

3. The plaintiff, Julie Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, Narragansett Bay Pediatrics, Inc., by its agents, servants, or employees, in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, Narragansett Bay Pediatrics, Inc., by its agents', servants', or employees' negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Julie Enloe, has incurred and will continue to incur great expense for the medical, surgical, and hospital care and treatment of Nicholas Enloe, throughout the life of Nicholas Enloe.

WHEREFORE, the plaintiff, Julie Enloe, prays judgment against the defendant, Narragansett Bay Pediatrics, Inc., in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count XXXII.

1. The plaintiff, Julie Enloe, is the mother of Nicholas Enloe, and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Narragansett Bay Pediatrics, Inc., was at all times relevant to this complaint a corporation duly organized and existing under the laws of the State of Rhode Island, with a principal place of business at 70 Kenyon Avenue, Wakefield, Rhode Island, 02879, in Washington County, Massachusetts.

3. The plaintiff, Julie Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, Narragansett Bay Pediatrics, Inc., by its agents, servants, or employees, in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, Narragansett Bay Pediatrics, Inc., by its agents', servants', or employees' negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Julie Enloe, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Julie Enloe, prays judgment against the defendant, Narragansett Bay Pediatrics, Inc., in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count XXXIII.

1. The plaintiff, Julie Enloe, is the mother of Nicholas Enloe, and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Narragansett Bay Pediatrics, Inc., was at all times relevant to this complaint a corporation duly organized and existing under the laws of the State of Rhode Island, with a principal place of business at 70 Kenyon Avenue, Wakefield, Rhode Island, 02879, in Washington County, Massachusetts.

3. The plaintiff, Julie Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, Narragansett Bay Pediatrics, Inc., by its agents, servants, or employees, in this complaint as if each were set forth here in its entirety.

4. As the direct and proximate result of the negligence, breach of warranties, and failure to obtain informed consent of the defendant, Narragansett Bay Pediatrics, Inc., by its agents, servants, or employees, the plaintiff, Julie Enloe, has had severely restricted the benefit of the full services, society, and affection of Nicholas Enloe.

WHEREFORE, the plaintiff, Julie Enloe, prays judgment against the defendant, Narragansett Bay Pediatrics, Inc., in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count XXXIV.

1. The plaintiff, Bryan Enloe, is the father of Nicholas Enloe, and the person responsible for his support and medical care and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Narragansett Bay Pediatrics, Inc., was at all times relevant to this complaint a corporation duly organized and existing under the laws of the State of Rhode Island, with a principal place of business at 70 Kenyon Avenue, Wakefield, Rhode Island, 02879, in Washington County, Massachusetts.

3. The plaintiff, Bryan Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, Narragansett Bay Pediatrics, Inc., by its agents, servants, or employees, in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, Narragansett Bay Pediatrics, Inc., by its agents', servants', or employees' negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Bryan Enloe, has incurred and will continue to incur great expense for the medical, surgical, and hospital care and treatment of Nicholas Enloe, throughout the life of Nicholas Enloe.

WHEREFORE, the plaintiff, Bryan Enloe, prays judgment against the defendant, Narragansett Bay Pediatrics, Inc., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XXXV.

1. The plaintiff, Bryan Enloe, is the father of Nicholas Enloe, and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Narragansett Bay Pediatrics, Inc., was at all times relevant to this complaint a corporation duly organized and existing under the laws of the State of Rhode Island, with a principal place of business at 70 Kenyon Avenue, Wakefield, Rhode Island, 02879, in Washington County, Massachusetts.

3. The plaintiff, Bryan Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, Narragansett Bay Pediatrics, Inc., by its agents, servants, or employees, in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, Narragansett Bay Pediatrics, Inc., by its agents', servants', or employees' negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Bryan Enloe, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Bryan Enloe, prays judgment against the defendant, Narragansett Bay Pediatrics, Inc., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XXXVI.

1. The plaintiff, Bryan Enloe, is the father of Nicholas Enloe, and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Narragansett Bay Pediatrics, Inc., was at all times relevant to this complaint a corporation duly organized and existing under the laws of the State of Rhode Island, with a principal place of business at 70 Kenyon Avenue, Wakefield, Rhode Island, 02879, in Washington County, Massachusetts.

3. The plaintiff, Bryan Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, Narragansett Bay Pediatrics, Inc., by its agents, servants, or employees, in this complaint as if each were set forth here in its entirety.

4. As the direct and proximate result of the negligence, breach of warranties, and failure to obtain informed consent of the defendant, Narragansett Bay Pediatrics, Inc., by its agents, servants, or employees, the plaintiff, Bryan Enloe, has had severely restricted the benefit of the full services, society, and affection of Nicholas Enloe.

WHEREFORE, the plaintiff, Bryan Enloe, prays judgment against the defendant, Narragansett Bay Pediatrics, Inc., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XXXVII.

1. The plaintiff, Nicholas Enloe, is a minor who brings this action through his Mother and next friend, Julie Enloe, a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, South County Hospital, was at all times relevant to this complaint a corporation duly organized and existing under the laws of the State of Rhode Island, with a principal place of business at 100 Kenyon Avenue, Wakefield, Rhode Island, 02879, in Washington County, Massachusetts.

3. At all times relevant to this complaint, the defendant, South County Hospital, by its agents, servants, or employees, represented and held itself out to be skilled in the treatment of various illnesses and conditions and, in particular, represented to the minor plaintiff's parents that it was knowledgeable, competent, and qualified to diagnose and treat the minor plaintiff and his mother on or about 9/8/05-9/11/05.

4. On or about 9/8/05-9/11/05, the minor plaintiff's mother submitted herself and the minor plaintiff to the care and treatment of the defendant, South County Hospital, by its agents, servants, or employees, who negligently, carelessly, and without regard for the minor plaintiff's and his mother's health and well being, treated the minor plaintiff and his mother in a manner resulting in the minor plaintiff's severe personal injuries.

5. The injuries sustained by the minor plaintiff, Nicholas Enloe, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the

defendant, South County Hospital, by its agents, servants, or employees, including, but not limited to the following:

a. Defendant's misrepresentations to the minor plaintiff's parents that it was knowledgeable, skillful, and competent to diagnose and treat the minor plaintiff and his mother on or about 9/8/05-9/11/05;

b. Defendant's failure to adequately and properly diagnose the minor plaintiff's and his mother's medical condition on or about 9/8/05-9/11/05, and its failure to prescribe proper and timely treatment for said condition;

c. Defendant's failure to recognize, or have the knowledge to recognize its inability and lack of skill to diagnose and treat the minor plaintiff and his mother, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of its inability and failure to properly and skillfully provide the minor plaintiff and his mother with acceptable medical and diagnostic services;

d. Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing its specialty;

e. Defendant's failure to inform and to warn of the risks involved in or associated with the minor plaintiff's and his mother's condition and failure to inform and to warn about the treatment of said condition; and

f. Defendant's failure to exercise reasonable care in hiring, supervising, employing and/or continuing to employ its agents, servants, or employees.

6. As a direct and proximate result of the negligence, carelessness, and unskillfulness of the defendant, South County Hospital, by its agents, servants, or employees, the minor plaintiff, Nicholas Enloe, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment: has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, prays judgment against the defendant, South County Hospital, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XXXVIII.

1. The minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, repeats and reavers fully herein Paragraphs One through Six of Count XXVIII of this complaint as if each were set forth here in its entirety.

2. On or about 9/8/05-9/11/05, the defendant, South County Hospital, by its agents, servants, or employees, contracted with the minor plaintiff's parents to provide professional services related to the minor plaintiff's and his mother's medical care and treatment.

3. The defendant, South County Hospital, by its agents, servants, or employees, expressly and impliedly warranted to the minor plaintiff's parents that it would perform and render said professional services in accordance with accepted standards for the practice of medicine, and that it would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing its specialty.

4. On or about 9/8/05-9/11/05, the defendant, South County Hospital, by its agents, servants, or employees, breached its express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of medicine, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing its specialty.

5. As a direct and proximate result of the defendant, South County Hospital, by its agents', servants', or employees' breach of express and implied warranties, the minor plaintiff, Nicholas Enloe, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, prays judgment against the defendant, South County Hospital, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XXXIX.

1. The minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, repeats and reavers fully herein Paragraphs One through Six of Count XXVIII and Paragraphs One through Five of Count XXIX of this complaint as if each were set forth here in its entirety.

2. On or about 9/8/05-9/11/05, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the minor plaintiff and his mother.

3. On or about 9/8/05-9/11/05, the defendant, South County Hospital, by its agents, servants, or employees, knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the minor plaintiff and his mother.

4. On or about 9/8/05-9/11/05, the defendant, South County Hospital, by its agents, servants, or employees, did not inform the minor plaintiff's parents of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the minor plaintiff and his mother.

5. If the defendant, South County Hospital, by its agents, servants, or employees, had informed the minor plaintiff's parents of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the minor plaintiff and his mother, neither the minor plaintiff's parents nor a reasonable person in their position would have elected the defendant's choice of treatment.

6. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the minor plaintiff's parents and a reasonable person in their position as to whether to undergo the defendant's choice of treatment.

7. As a direct and proximate result of the defendant, South County Hospital, by its agents', servants', or employees' failure to inform the minor plaintiff's parents of the alternatives to and risks and potential consequences of the defendant's treatment, the minor plaintiff, Nicholas Enloe, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, prays judgment against the defendant, South County Hospital, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XL.

1. The plaintiff, Julie Enloe, is the mother of Nicholas Enloe, and the person responsible for his support and medical care and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, South County Hospital, was at all times relevant to this complaint a corporation duly organized and existing under the laws of the State of Rhode Island, with a principal place of business at 100 Kenyon Avenue, Wakefield, Rhode Island, 02879, in Washington County, Massachusetts.

3. The plaintiff, Julie Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, South County Hospital, by its agents, servants, or employees, in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, South County Hospital, by its agents', servants', or employees' negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Julie Enloe, has incurred and will continue to incur great expense for the medical, surgical, and hospital care and treatment of Nicholas Enloe, throughout the life of Nicholas Enloe.

WHEREFORE, the plaintiff, Julie Enloe, prays judgment against the defendant, South County Hospital, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count XLI.

1. The plaintiff, Julie Enloe, is the mother of Nicholas Enloe, and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, South County Hospital, was at all times relevant to this complaint a corporation duly organized and existing under the laws of the State of Rhode Island, with a principal place of business at 70 Kenyon Avenue, Wakefield, Rhode Island, 02879, in Washington County, Massachusetts.

3. The plaintiff, Julie Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, South County Hospital, by its agents, servants, or employees, in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, South County Hospital, by its agents', servants', or employees' negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Julie Enloe, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Julie Enloe, prays judgment against the defendant, South County Hospital, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count XLII.

1. The plaintiff, Julie Enloe, is the mother of Nicholas Enloe, and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, South County Hospital, was at all times relevant to this complaint a corporation duly organized and existing under the laws of the State of Rhode Island, with a principal place of business at 100 Kenyon Avenue, Wakefield, Rhode Island, 02879, in Washington County, Massachusetts.

3. The plaintiff, Julie Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, South County Hospital, by its agents, servants, or employees, in this complaint as if each were set forth here in its entirety.

4. As the direct and proximate result of the negligence, breach of warranties, and failure to obtain informed consent of the defendant, South County Hospital, by its agents, servants, or employees, the plaintiff, Julie Enloe, has had severely restricted the benefit of the full services, society, and affection of Nicholas Enloe.

WHEREFORE, the plaintiff, Julie Enloe, prays judgment against the defendant, South County Hospital, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count XLIII.

1. The plaintiff, Bryan Enloe, is the father of Nicholas Enloe, and the person responsible for his support and medical care and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, South County Hospital, was at all times relevant to this complaint a corporation duly organized and existing under the laws of the State of Rhode Island, with a principal place of business at 100 Kenyon Avenue, Wakefield, Rhode Island, 02879, in Washington County, Massachusetts.

3. The plaintiff, Bryan Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, South County Hospital, by its agents, servants, or employees, in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, South County Hospital, by its agents', servants', or employees' negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Bryan Enloe, has incurred and will continue to incur great expense for the medical, surgical, and hospital care and treatment of Nicholas Enloe, throughout the life of Nicholas Enloe.

WHEREFORE, the plaintiff, Bryan Enloe, prays judgment against the defendant, South County Hospital, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XLIV.

1. The plaintiff, Bryan Enloe, is the father of Nicholas Enloe, and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, South County Hospital, was at all times relevant to this complaint a corporation duly organized and existing under the laws of the State of Rhode Island, with a principal place of business at 100 Kenyon Avenue, Wakefield, Rhode Island, 02879, in Washington County, Massachusetts.

3. The plaintiff, Bryan Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, South County Hospital, by its agents, servants, or employees, in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, South County Hospital, by its agents', servants', or employees' negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Bryan Enloe, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Bryan Enloe, prays judgment against the defendant, South County Hospital, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XLV.

1. The plaintiff, Bryan Enloe, is the father of Nicholas Enloe, and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, South County Hospital, was at all times relevant to this complaint a corporation duly organized and existing under the laws of the State of Rhode Island, with a principal place of business at 100 Kenyon Avenue, Wakefield, Rhode Island, 02879, in Washington County, Massachusetts.

3. The plaintiff, Bryan Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, South County Hospital, by its agents, servants, or employees, in this complaint as if each were set forth here in its entirety.

4. As the direct and proximate result of the negligence, breach of warranties, and failure to obtain informed consent of the defendant, South County Hospital, by its agents, servants, or employees, the plaintiff, Bryan Enloe, has had severely restricted the benefit of the full services, society, and affection of Nicholas Enloe.

WHEREFORE, the plaintiff, Bryan Enloe, prays judgment against the defendant, South County Hospital, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XLVI.

1. The plaintiff, Nicholas Enloe, is a minor who brings this action through his Mother and next friend, Julie Enloe, a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Jane Doe, RN # 1-11, was at all times relevant to this complaint a nurse licensed to practice her profession in the State of Rhode Island.

3. At all times relevant to this complaint, the defendant, Jane Doe RN # 1-11, represented and held herself out to be a nurse, skilled in the treatment of various illnesses and conditions and, in particular, represented to the minor plaintiff's parents that she was knowledgeable, competent, and qualified to diagnose and treat the minor plaintiff and his mother on or about 9/8/05-9/11/05.

4. On or about 9/8/05-9/11/05, the minor plaintiff's mother submitted herself and the minor plaintiff to the care and treatment of the defendant, Jane Doe RN # 1-11, who negligently, carelessly, and without regard for the minor plaintiff's and his mother's health and well being, treated the minor plaintiff and his mother in a manner resulting in the minor plaintiff's severe personal injuries.

5. The injuries sustained by the minor plaintiff, Nicholas Enloe, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Jane Doe RN # 1-11, including, but not limited to the following:

a. Defendant's misrepresentations to the minor plaintiff's parents that she was knowledgeable, skillful, and competent to diagnose and treat the minor plaintiff and his mother on or about 9/8/05-9/11/05;

b. Defendant's failure to adequately and properly diagnose the minor plaintiff's and his mother's medical condition on or about 9/8/05-9/11/05, and her failure to prescribe proper and timely treatment for said condition;

c. Defendant's failure to recognize, or have the knowledge to recognize her inability and lack of skill to diagnose and treat the minor plaintiff and his mother, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of her inability and failure to properly and skillfully provide the minor plaintiff and his mother with acceptable nursing services;

d. Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the nursing profession practicing her specialty; and

e. Defendant's failure to inform and to warn of the risks involved in or associated with the minor plaintiff's and his mother's condition and failure to inform and to warn about the treatment of said condition.

6. As a direct and proximate result of the negligence, carelessness, and unskillfulness of the defendant, Jane Doe, RN # 1-11, the minor plaintiff, Nicholas Enloe, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, prays judgment against the defendant, Jane Doe RN # 1-11, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XLVII.

1. The minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, repeats and reavers fully herein Paragraphs One through Six of Count XXXVII of this complaint as if each were set forth here in its entirety.

2. On or about 9/8/05-9/11/05, the defendant, Jane Doe RN # 1-11, contracted with the minor plaintiff's parents to provide professional services related to the minor plaintiff's and his mother's nursing care and treatment.

3. The defendant, Jane Doe, RN # 1-11, expressly and impliedly warranted to the minor plaintiff's parents that she would perform and render said professional services in accordance with accepted standards for the practice of nursing, and that she would possess and exercise that

degree of skill and care possessed and exercised by the average qualified members of the nursing profession practicing her specialty.

4. On or about 9/8/05-9/11/05, the defendant, Jane Doe RN # 1-11, breached her express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of nursing, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the nursing profession practicing her specialty.

5. As a direct and proximate result of the defendant, Jane Doe RN # 1-11's breach of express and implied warranties, the minor plaintiff, Nicholas Enloe, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, prays judgment against the defendant, Jane Doe, RN # 1-11, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XLVIII.

1. The minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, repeats and reavers fully herein Paragraphs One through Six of Count XXXVII and Paragraphs One through Five of Count XXXVIII of this complaint as if each were set forth here in its entirety.

2. On or about 9/8/05-9/11/05, average qualified members of the nursing profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the minor plaintiff and his mother.

3. On or about 9/8/05-9/11/05, the defendant, Jane Doe, RN # 1-11, knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the minor plaintiff and his mother.

4. On or about 9/8/05-9/11/05, the defendant, Jane Doe RN # 1-11, did not inform the minor plaintiff's parents of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the minor plaintiff and his mother.

5. If the defendant, Jane Doe, RN # 1-11, had informed the minor plaintiff's parents of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the minor plaintiff and his mother, neither the minor plaintiff's parents nor a reasonable person in their position would have elected the defendant's choice of treatment.

6. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the minor plaintiff's parents and a reasonable person in their position as to whether to undergo the defendant's choice of treatment.

7. As a direct and proximate result of the defendant, Jane Doe RN # 1-11's failure to inform the minor plaintiff's parents of the alternatives to and risks and potential consequences of the defendant's treatment, the minor plaintiff, Nicholas Enloe, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, prays judgment against the defendant, Jane Doe RN # 1-11, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XLIX.

1. The plaintiff, Julie Enloe, is the mother of Nicholas Enloe, and the person responsible for his support and medical care and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Jane Doe, RN # 1-11, was at all times relevant to this complaint a nurse licensed to practice in the State of Rhode Island.

3. The plaintiff, Julie Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, Jane Doe RN # 1-11, in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, Jane Doe RN # 1-11's negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Julie Enloe, has incurred and will continue to incur great expense for the medical, surgical, and hospital care and treatment of Nicholas Enloe, throughout the life of Nicholas Enloe.

WHEREFORE, the plaintiff, Julie Enloe, prays judgment against the defendant, Jane Doe, RN # 1-11, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count L.

1. The plaintiff, Julie Enloe, is the mother of Nicholas Enloe, and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Jane Doe, RN # 1-11, was at all times relevant to this complaint a nurse licensed to practice in the State of Rhode Island.

3. The plaintiff, Julie Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, Jane Doe, RN # 1-11, in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, Jane Doe, RN # 1-11's negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Julie Enloe, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Julie Enloe, prays judgment against the defendant, Jane Doe, RN # 1-11, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count LI.

1. The plaintiff, Julie Enloe, is the mother of Nicholas Enloe, and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Jane Doe, RN # 1-11, was at all times relevant to this complaint a nurse licensed to practice in the State of Rhode Island.

3. The plaintiff, Julie Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, Jane Doe, RN # 1-11, in this complaint as if each were set forth here in its entirety.

4. As the direct and proximate result of the negligence, breach of warranties, and failure to obtain informed consent of the defendant, Jane Doe, RN # 1-11, the plaintiff, Julie Enloe, has had severely restricted the benefit of the full services, society, and affection of Nicholas Enloe.

WHEREFORE, the plaintiff, Julie Enloe, prays judgment against the defendant, Jane Doe, RN # 1-11, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count LII.

1. The plaintiff, Bryan Enloe, is the father of Nicholas Enloe, and the person responsible for his support and medical care and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Jane Doe, RN # 1-11, was at all times relevant to this complaint a nurse licensed to practice in the State of Rhode Island.

3. The plaintiff, Bryan Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, Jane Doe, RN # 1-11, in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, Jane Doe, RN # 1-11's negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Bryan Enloe, has incurred and will continue to incur great expense for the medical, surgical, and hospital care and treatment of Nicholas Enloe, throughout the life of Nicholas Enloe.

WHEREFORE, the plaintiff, Bryan Enloe, prays judgment against the defendant, Jane Doe, RN # 1-11, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count LIII.

1. The plaintiff, Bryan Enloe, is the father of Nicholas Enloe, and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Jane Doe, RN # 1-11, was at all times relevant to this complaint a nurse licensed to practice in the State of Rhode Island.

3. The plaintiff, Bryan Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, Jane Doe, RN # 1-11, in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, Jane Doe, RN # 1-11's negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Bryan Enloe, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Bryan Enloe, prays judgment against the defendant, Jane Doe, RN # 1-11, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count LIV.

1. The plaintiff, Bryan Enloe, is the father of Nicholas Enloe, and a resident of New Bedford, Bristol County, Massachusetts.

2. The defendant, Jane Doe, RN # 1-11, was at all times relevant to this complaint a nurse licensed to practice in the State of Rhode Island.

3. The plaintiff, Bryan Enloe, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe, against the defendant, Jane Doe, RN # 1-11, in this complaint as if each were set forth here in its entirety.

4. As the direct and proximate result of the negligence, breach of warranties, and failure to obtain informed consent of the defendant, Jane Doe, RN # 1-11, the plaintiff, Bryan Enloe, has had severely restricted the benefit of the full services, society, and affection of Nicholas Enloe.

WHEREFORE, the plaintiff, Bryan Enloe, prays judgment against the defendant. Jane Doe, RN # 1-11, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

PLAINTIFFS CLAIM TRIAL BY JURY.

Respectfully submitted,
The plaintiffs,
By their attorney,

William J. Thompson

William J. Thompson
LUBIN & MEYER, P.C.
100 City Hall Plaza
Boston, MA 02108
(617) 720-4447
RI BAR #: 5947