STATE OF RHODE ISLAND
WASHINGTON, SC.

SUPERIOR COURT

NICHOLAS ENLOE, ppa JULIE ENLOE,
JULIE ENLOE and BRYAN ENLOE

VS.

C.A. NO. 07-0217

LISA REMEAKA, M.D.,
ROBERT MALTZ, M.D.,
SOUTH COUNTY OB-GYN, INC.,
NARRAGANSETT BAY PEDIATRICS, INC.,
SOUTH COUNTY HOSPITAL, and
JANE DOE, R.N. #1-11

**DEFENDANT, LISA REMEAKA, M.D.'S ANWER TO THE COMPLAINT**

**Count I**

1. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiffs to their proof.

2. Admitted.

3. Defendant admits that she represented and held herself out as a physician skilled in the medical subspecialty of OB-GYN and within the limits of that subspecialty of medicine, competent, knowledgeable, and qualified to diagnose and treat the minor plaintiff and his mother on or about September 8, 2005 through September 11, 2005. The remaining allegations contained in paragraph 3 are denied.

4. Defendant admits that between September 8, 2005 and September 11, 2005 minor plaintiff's mother submitted herself and the minor plaintiff to the care and treatment of Dr. Remeaka. The remaining allegations contained in paragraph 4 are denied.

5. Denied.

6. Denied.

**Count II**

1. Defendant incorporates by reference her answers to paragraphs 1 through 6 of Count I.

2. Defendant admits that she provided professional services related to minor plaintiff and his mother between September 8, 2005 and September 11, 2005. However, she denies contracting with plaintiff for that purpose.

3. Denied.

4. Denied.

5. Denied.

**Count III**

1. Defendant incorporates by reference her answers to paragraphs 1 through 6 of Count I and paragraphs 1 through 5 of Count II.

2. Admitted.

3. Admitted.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

**Count IV**

1. Defendant admits that Julie Enloe is the mother of Nicholas Enloe. As to the remaining allegations contained in paragraph I, this defendant is without sufficient knowledge or information to form a belief and accordingly leaves plaintiffs to their proof.

2. Admitted.

3. Defendant incorporates by reference her answers to the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe.

4. Denied.

**Count V**

1. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiffs to their proof.

2. Admitted.

3. Defendant incorporates by reference her answers to the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe.

4. Denied.

**Count VI**

1. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiffs to their proof.

2. Admitted.

3. Defendant incorporates by reference her answers to the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe.

4. Denied.

**Count VII**

1. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiffs to their proof.

2. Admitted.

3. Defendant incorporates by reference her answers to the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe.

4. Denied.

**Count VIII**

1. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiffs to their proof.

2. Admitted.

3. Defendant incorporates by reference her answers to the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe.

4. Denied.

**Count IX**

1. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiffs to their proof.

2. Admitted.

3. Defendant incorporates by reference her answers to the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Nicholas Enloe, through his Mother and next friend, Julie Enloe.

4. Denied.

**Count X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XX, XXI, XXII, XXIII, XXIV, XXV, XXVI, XXVII, XXVIII, XXIX, XXX, XXXI, XXXII, XXXIII, XXXIV, XXXV, XXXVI, XXXVII, XXXVIII, XXXIX, XL, XLI, XLII, XLIII, XLIV, XLV, XLVI, XLVII, XLVIII, XLIX, L, LI, LII, LIII, and LIV**

The allegations contained in these Counts of the complaint are not directed to this defendant and require no responsive pleading. To the extent they are deemed to allege any wrongdoing against this defendant, they are denied.

**WHEREFORE,** this defendant demands judgment dismissing plaintiffs' complaint and for costs.

**First Affirmative Defense**

Defendant pleads the benefits of the Medical Malpractice Collateral Source Rule, so-called.

**Second Affirmative Defense**

To the extent during the course of this litigation, any parties against who claims are made by plaintiff as a result of the incident in question are settled, defendant affirmatively pleads the benefits of set-off to the extent of the dollar amount paid or the percentage of negligence, whichever is greater.

**Defendant demands a trial by jury.**
**Michael G. Sarli is designated trial counsel.**

Lisa Remeaka, M.D.
By her attorneys,

Michael G. Sarli #2719
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place
Suite 900
Providence, Rhode Island 02903
(401) 274-6644
Fax: 331-9304

**CERTIFICATE OF SERVICE**

William J. Thompson, Esq.
Lubin & Meyer, P.C.
100 City Hall Plaza
Boston, MA 02108

I hereby certify that I forwarded a copy of the foregoing to the above-reference counsel of record via deposit in the United States mail, postage prepaid/hand-delivery on this 4th of May, 2007.

Charlene Perry