UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NICHOLAS ENLOE, PPA JULIE ENLOE, JULIE ENLOE and BRYAN ENLOE *Plaintiffs,* | ) | |
| v. | ) | C.A. No.: 07-00199-S-DLM |
| LISA RAMEAKA, M.D., ROBERT MALTZ, M.D. SOUTH COUNTY OB-GYN, INC., NARRAGANSETT BAY PEDIATRICS, INC. SOUTH COUNTY HOSPITAL and JANE DOE, R.N. #1-11 *Defendants.* | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION TO REMAND TO STATE COURT**

## I. INTRODUCTION

The defendants, Robert Maltz, M.D., Narragansett Bay Pediatrics, Inc. and South County Hospital, submit this Memorandum of Law in support of their Joint Motion to Remand this matter to State Court. As grounds for their motion, the defendants submit that removal was improper and that this Court does not have jurisdiction over the subject matter.

## II. FACTS

On or about April 2, 2007, the plaintiffs, Nicholas Enloe, p.p.a. Julie Enloe, Julie Enloe and Bryan Enloe, filed this medical malpractice action against the defendants, Lisa Rameka, M.D., Robert Maltz, M.D., South County OB-GYN, Inc., Narragansett Bay Pediatrics, Inc., South County Hospital and Jane Doe, R.N. #1-11, in the Superior Court for the State of Rhode Island, Washington County.

Thereafter, on or about May 29, 2007, the defendant, Lisa Rameka, M.D., filed a notice of removal with this Court pursuant to 28 U.S.C. § 1446(a) on the grounds that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. Upon information and belief, the plaintiffs are all citizens of the Commonwealth and the defendants, including Lisa Rameka, M.D., are all citizens of the State of Rhode Island.

III. LAW

Removal is governed by 28 U.S.C. §§ 1441-1453. These statutes are strictly construed, and, in general, against the right of removal. American Fire and Casualty Co. v. Finn, 341 U.S. 6, 18 (1951)(superseded by statute on other grounds)("[t]he jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation or by prior action or consent of the parties").

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, 28 U.S.C. § 1441(b) limits removal in certain types of cases. 28 U.S.C. § 1441(b) states:

> "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. **Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought (emphasis added)**."

In interpreting this statute, the United State Supreme Court has recently stated that "defendants may remove an action on the basis on diversity of citizenship [only] if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is the citizen of the forum state." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 82 (2005).

Additionally, "all" defendants must join to effect removal. See Bryant v. Ford Motor Co., 844 F.2d 602, 605-06 (9th Cir. 1987)(superseded by statute on other grounds)(interpreting 28 U.S.C. § 1441(a)); Anne Arundel County v. United Pac. Ins. Co., 905 F. Supp. 277, 279 (D. MD. 1995)(citing McKinney v. Rodney C. Hunt Co., 464 F. Supp. 59, 63 (W.D.N.C. 1978)("where at least one properly joined defendant fails to join in removing defendant's petition for removal, case must be remanded to state court").

IV. DISCUSSION

In this case, the defendant, Lisa Rameka, M.D., a resident of Rhode Island, unilaterally filed a notice of removal with this Court pursuant to 28 U.S.C. § 1446(a) on the grounds that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. Removal is improper and this Court lacks subject matter jurisdiction for two reasons: (1) 28 U.S.C. § 1441(b) bars this matter from being removed to federal court; and (2) this matter cannot be removed to federal court since the remaining defendants did not join in the removal.

As stated above, all of the defendants, including the removing defendant, Lisa Rameka, M.D., are citizens of the State of Rhode Island. As such this case cannot be removed pursuant to 28 U.S.C. § 1441(b). Accordingly, this case must be remanded.

Removal is improper here as it was in Anne Arundel County. In that case, only one defendant filed a notice of removal, the remaining defendants did not join in the notice, and they sought to remand the case to state court. Anne Arundel County, 905 F. Supp., at 278. The court agreed and remanded the case to state court. Id., at 279. In doing so, that court ruled that "while the 28 U.S.C. § 1446 did not require that all defendants sign the same notice, it did require that each defendant file a notice of removal, either independently or by unambiguously joining in or consenting to another defendant's notice." Id. This Court is now presented with the identical

situation and the result should be the same, the matter should be remanded to state court. Nevertheless, even if all the defendants had joined in the removal, removal would still be improper in this matter as it is barred by 28 U.S.C. § 1441(b).

V. CONCLUSION

For the reasons stated above, this Honorable Court should remand this matter to State Court.

The Defendant,
SOUTH COUNTY HOSPITAL
By its Attorneys,

/s/ Jay M. Elias

_______________________________
Jay M. Elias, Esq.
Ratcliffe, Burke, Harten & Elias LLP
1600 Financial Plaza
Providence, RI 02903

The Defendants,
ROBERT MALTZ, M.D. and
NARRAGANSETT BAY PEDIATRICS INC.
By their Attorneys,

/s/ George E. Wakeman, Jr.
/s/ Timothy M. Zabbo

_______________________________
George E. Wakeman, Jr., BBO# 5255
Timothy M. Zabbo, BBO# 7350
ADLER, COHEN, HARVEY,
WAKEMAN & GUEKGUEZIAN, LLP
123 Dyer Street
Providence, RI 02903
(401) 521-6100

**CERTIFICATE OF SERVICE**

I, Timothy M. Zabbo, attorney for the defendants, Robert Maltz, M.D. and Narragansett Bay Pediatrics, Inc., hereby certify that on June 19, 2007, I served copy(ies) of the following document(s):

1. Defendants' Joint Motion to Remand to State Court with Memorandum of Law in Support of Defendants' Joint Motion to Remand to State Court.

electronically (by ECF), to:

Jay M. Elias, Esquire
Ratcliffe Burke Harten & Elias LLP
1600 Financial Plaza
Providence, RI 02903
jelias@rbhelaw.com

Michael G. Sarli, Esquire
Gidley, Sarli & Marusak
One Turks Head Place, Suite 900
Providence, RI 02903
mgs@gsm-law.com

by first class mail, postage prepaid, to:

William J. Thompson, Esquire
Lubin & Meyer, P.C.
100 City Hall Plaza
Boston, MA 02108

/s/ Timothy M. Zabbo
______________________________
Timothy M. Zabbo